IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-13158
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20393-MGC-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS MONTOYA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 13, 2021)


Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.


PER CURIAM:

Carlos Montoya appeals his total 97-month sentence imposed after the jury

found Montoya guilty of conspiracy to commit wire fraud, in violation of 18

U.S.C. § 1349, and of federal program bribery, in violation of 18 U.S.C. 666. Montoya also appeals the district court's restitution award. Montoya has filed an unopposed motion for summary reversal and a motion for a stay of the briefing schedule.

Briefly stated, Montoya's convictions stem from Montoya's involvement in a scheme to defraud the government. Montoya and Sandra Ruballo conspired to submit inflated claims for reimbursement under the Child Care Food Program ("CCFP"), a federally-funded program designed to provide nutritious meals to underprivileged children at daycare centers. As part of the scheme, Ruballo -- in exchange for kickbacks from Montoya -- rigged the bidding process to ensure that Montoya's catering company received the government catering contracts.

The district court conducted a combined sentencing hearing for Montoya and for Ruballo. At the conclusion of the hearing, the district court sentenced Montoya to 97 months' imprisonment and sentenced Ruballo to 120 months' imprisonment. The district court also ordered Montoya and Ruballo to pay restitution in the amount of $12,962,399 and $13,231,277, respectively.

We later vacated Ruballo's sentence and remanded for the district court to reconsider and to explain more fully its calculation of the loss amount attributable to Ruballo and of the amount of restitution owed. See United States v. Ruballo,

833 F. App'x 275, 283 (11th Cir. 2020) (unpublished). We concluded that -- absent other supporting evidence or explanation -- the district court's reliance on an email listing the amounts of restitution purportedly owed by Ruballo and by Montoya allowed for no meaningful appellate review.

In the light of our decision in Ruballo, Montoya moves for summary reversal. Montoya seeks to challenge the district court's calculation of the amount of loss and the amount of restitution owed on the same grounds raised on direct appeal by Ruballo.

Summary disposition may be appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

Under the law-of-the-case doctrine, our decision in Ruballo -- concluding that the record allowed no meaningful appellate review of the district court's calculation of the loss amount and the amount of restitution owed -- applies equally to the identical issue now raised by Montoya. See United States v. Siegelman, 786 F.3d 1322, 1327 (11th Cir. 2015) (recognizing that the law-of-the-case doctrine "applies to those issues decided on a co-defendant's earlier but closely related appeal."). Under these circumstances, summary reversal is appropriate.

3

Accordingly, we GRANT Montoya's motion for summary reversal, vacate his sentence, and remand for the district court to explain more fully its calculation of the amount of loss attributable to Montoya and the amount of restitution owed by Montoya.  We DENY as moot Montoya's motion to stay the briefing schedule.